IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KEVIN T. WILLIAMS                                                                                           PLAINTIFF

v.                                           Civil No. 4:17-cv-04074

OFFICER SHUMAKER, Correction
Officer, Miller County Jail                                                                              DEFENDANT

## **ORDER**

Before the Court is Plaintiff Kevin T. Williams's failure to obey an order of the Court. On August 31, 2017, Plaintiff filed this 42 U.S.C. § 1983 action *pro se*. (ECF No. 1). That same day, Plaintiff's application to proceed *in forma pauperis* ("IFP") was granted. (ECF No. 3).

The order granting Plaintiff IFP status advised him that he was required to immediately inform the Court of any change of address and that failure to do so would result in the dismissal of this lawsuit. (ECF No. 3). On September 11, 2017, and September 12, 2017, mail sent to Plaintiff was returned as undeliverable. (ECF Nos. 9, 10). Plaintiff's last communication with the Court was on August 31, 2017, when he filed his Complaint.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

1

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to comply with an order of the Court to keep the Court informed of his address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 8th day of November, 2017.

>        /s/ Susan O. Hickey
>        Susan O. Hickey
>        United States District Judge